1  NINA M. PATANE, Esq. (SBN 157079)
   ANDREA C. AVILA, Esq. (SBN 193982)
2  PATANE • GUMBERG, LLP
   Attorneys at Law
3  4 Rossi Circle, Suite 231
   Salinas, California  93907
4  Telephone:  (831) 755-1461
   Facsimile:  (831) 755-1477
5
   Attorneys for Plaintiff,
6  NICOLAS AQUINO

7
                    IN THE UNITED STATES DISTRICT COURT
8
        FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
9

10
11  NICOLAS AQUINO                   )    CASE NO.
                                     )
12           Plaintiff,              )
                                     )
13  v.                               )    **COMPLAINT FOR DAMAGES**
                                     )
14  COUNTY OF MONTEREY SHERIFF'S     )
    DEPARTMENT; IVAN RODRIGUEZ, an   )
15  individual; DAVID MURRAY, an     )
    individual; and DOES 1 through 25, )
16  inclusive,                       )
                                     )
17           Defendants.             )    **Demand for Jury Trial**
    ─────────────────────────────────)

18

19         1.      Plaintiff, NICOLAS AQUINO (hereinafter referred to as "Plaintiff"), is, and at all

20  times herein mentioned was, a resident of the county of Monterey, State of California. Plaintiff is a

21  Captain in the United States Air Force and is readily recognizable as a Hispanic male.

22         2.      Defendant COUNTY OF MONTEREY SHERIFF'S DEPARTMENT (hereinafter

23  "COUNTY") is, and at all times herein mentioned was, a department, duly formed under the laws

24  of the State of California.

25         3.      At all times herein mentioned, defendant IVAN RODRIGUEZ (hereinafter

26  "RODRIGUEZ") was employed as a deputy sheriff by the COUNTY.  Defendant RODRIGUEZ

27  is sued individually and in his capacity as a deputy sheriff for the COUNTY.  By engaging in the

28  conduct described herein, defendant RODRIGUEZ acted under the color of law and in the course

                                      - 1 -

and scope of his employment with the COUNTY.  By engaging in the conduct described herein, defendant RODRIGUEZ exceeded the authority vested in him as a deputy sheriff under the United States Constitution, the California Constitution, and as an employee of the COUNTY.

4.     Defendant DAVID MURRAY (hereinafter referred to as "MURRAY") is, and at all times herein mentioned was, a sergeant of Sheriffs for the COUNTY, acting under the color of law individually and in the course and scope of his employment, and is sued individually and in his official capacity.

5.     Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 to 25, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when same are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants was in some manner responsible for the occurrences herein alleged.

6.     On December 13, 2013, Defendant RODRIGUEZ was dispatched to 24591 Portola Avenue, Carmel, California to investigate a report of "suspicious activity" of a Hispanic male wearing a brown hoodie with the hood up.

7.     On December 13, 2013, at approximately 11:05 a.m., Plaintiff was at his home (located at 24591 Portola Avenue in Carmel, California) when his dogs began barking furiously. Plaintiff opened his front door, stood within a few feet of his front door and observed a person wearing a uniform and badge but no name tag walking about his front yard.  At the time, the person (later determined to be RODRIGUEZ) had his back toward Plaintiff and appeared to be leaving Plaintiff's property.  Plaintiff asked RODRIGUEZ, "Can I help you?"  RODRIGUEZ noted in his Incident Report that it "was obvious" that he (Plaintiff) intended to contact me (RODRIGUEZ)."  According to RODRIGUEZ, Plaintiff's demeanor was "normal" and not "confrontational" or "aggressive" at that moment.  RODRIGUEZ further noted that Plaintiff fit the description relayed by the original reporting party:  "a Hispanic male adult wearing a brown hooded sweatshirt."  Plaintiff was unarmed.

8.     RODRIGUEZ responded by asking Plaintiff to identify himself.  Plaintiff identified himself as Nicolas Aquino and noted that he lived at the subject property.  Plaintiff then asked for

- 2 -

an explanation of why RODRIGUEZ was on Plaintiff's property and why he needed Plaintiff's name. Plaintiff also asked RODRIGUEZ for his name and badge number.

9.      Without providing his name or badge number, RODRIGUEZ stated that he was investigating suspicious activity in the area. Plaintiff then asked where the suspicious activity was occurring and whether he (Plaintiff) was being detained and whether RODRIGUEZ had a warrant. RODRIGUEZ confirmed that Plaintiff was in fact being detained and then proceeded to ask Plaintiff to present some identification verifying that he lived at the property.

10.     Plaintiff complied by reaching into his pocket, pulling out his wallet and retrieving his military Identification card. Plaintiff then held the identification up for RODRIGUEZ to observe. RODRIGUEZ then reached out to grab Plaintiff's identification card at which time Plaintiff moved the card about three to four inches to the right as he intended to maintain control of his card. Plaintiff had utmost concern for breaches of security that could occur if his military identification were confiscated and used improperly and had yet to understand why he was being detained.

11.     RODRIGUEZ became incensed at Plaintiff for maneuvering the identification card away from RODRIGUEZ and "decided at that point I would detain him physically and place him into handcuffs."

12.     RODRIGUEZ grabbed Plaintiff by his right wrist, spun Plaintiff around, put him into a front guillotine maneuver by wrapping his arms around Plaintiff's head, face and neck, while slamming Plaintiff's head to the ground. He then spun around to maneuver himself on top of Plaintiff's back while holding Plaintiff in a rear naked choke hold.

13.     Plaintiff dropped his chin to his chest to protect his throat and kept his hands firmly on the ground. He did not move in any direction as he feared the appearance of resisting.

14.     Moments later, Deputy Ainuu responded to the scene and aggressively pounced on top of Plaintiff, yelling that Plaintiff should "stop resisting and to put his hands out." The weight of the two officers was bearing down on Plaintiff.

15.     Plaintiff told the officers that he was not resisting, and further stated "your body is blocking my arms from going out." The officers released their weight from Plaintiff's back at

- 3 -

which time Plaintiff was able to get his arms to the side.  At this point, several persons including Plaintiff's neighbors and other third parties stood nearby and witnessed Plaintiff's humiliating arrest.

16.     Plaintiff was then handcuffed, walked several yards away from his home and thrown into a sheriff's vehicle.  Plaintiff's wallet and identification were stripped from him after he was handcuffed.  Plaintiff repeatedly made requests for badge numbers to no avail.

17.     Plaintiff observed Defendant RODRIGUEZ and Deputy Ainuu approaching his residence and yelled repeatedly that they could not enter his property without a search warrant. The officers entered Plaintiff's home and proceeded to search his home.  Up to this point, Plaintiff had yet to be searched for weapons.  Approximately 15-20 minutes later, a frightened neighbor told the officers that Plaintiff was likely her neighbor but she was not certain.

18.     While in the patrol car, Plaintiff made repeated requests to the deputies to see a warrant, told officers that he did not consent to their searches, and requested their badge numbers. Defendant RODRIGUEZ then searched Plaintiff's wallet "again" and found Plaintiff's Naval Postgraduate School identification card confirming his identity and enrollment status.

19.     RODRIGUEZ asked Plaintiff to step out of the patrol car and removed the handcuffs from Plaintiff's wrists.  RODRIGUEZ then asked Plaintiff to retrieve some billings to prove that he lived there.  Plaintiff complied at which time he satisfied RODRIGUEZ "without a doubt the he was indeed the resident of 24591 Portola Avenue."

20.     The officers returned Plaintiff's wallet to him.  Officer RODRIGUEZ concluded his conversation with Plaintiff by noting that because he (Plaintiff) did not hand over his identification, he (RODRIGUEZ) would have tased Plaintiff if he had his Taser.  RODRIGUEZ further stated, "in fact if I drew my gun, I would have been justified in killing you." Fifty dollars, in cash, was missing from the wallet.

21.     On February 4, 2014, Monterey County District Attorney filed a Complaint against Plaintiff in the Monterey County Superior Court, Case Number 779541 for violation of PC 148(a)(1), a misdemeanor for the alleged resist, delay, obstruction of officer RODRIGUEZ's

- 4 -

investigation on December 13, 2013.  Plaintiff never received notice of the Complaint and therefore missed attending a hearing scheduled for February 14, 2014.

22.     On February 21, 2014, Plaintiff learned about the Complaint for the first time when he was contacted by his superior and informed that a warrant had been issued for his arrest. Plaintiff was further informed that because of the pending warrant, he was not to report to any military base until the warrant issue was resolved which took approximately one week.  Plaintiff was further forewarned that the pending warrant could not only have legal implications to him but also have impact on his military career.

23.     Plaintiff immediately hired a criminal defense attorney to defend his interest in the criminal proceedings.

24.     On or about April 28, 2014, the ill conceived criminal charges against Plaintiff were dismissed.

25.     As a proximate result of defendants' conduct, Plaintiff sustained injuries to his wrists, knees, and suffers from migraine headaches as well as fluid build-up behind the right ear drum causing nausea which has forced him to seek medical care.  As proximate result of defendants' conduct, Plaintiff has ongoing, severe emotional distress, anxiety and sleeplessness related to his fear of being wrongfully targeted and attacked in his home by law enforcement.

26.     As a proximate result of defendants' conduct, Plaintiff was forced to hire criminal defense counsel to defend his interest in the meritless criminal proceedings.

27.     As a proximate result of defendants' conduct, Plaintiff was forced to relocate from his home in Carmel, California to Marina, California to avoid residing in a residence that is within the jurisdiction of the COUNTY and further targeting by the COUNTY.

28.     As a proximate result of defendants' conduct, Plaintiff has missed a tour of temporary duty which has resulted in lost income and probable loss of promotion in the military.

29.     As a proximate result of defendants' conduct, Plaintiff has delayed completion of his thesis needed to complete his second Masters' degree which is essential to his advancement of his intended military path.

- 5 -

30.     As a proximate result of defendants' conduct, Plaintiff suffered a monetary loss when $50 was stolen from his wallet while within the possession of RODRIGUEZ.

31.     On May 6, 2014, Plaintiff presented a Claim for Damages against The County of Monterey. A true and correct copy of this claim is attached hereto as **Exhibit A** and incorporated by this reference. Plaintiff's claim was rejected on or about June 17, 2014.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – Against Defendant RODRIGUEZ)

32.     Plaintiff realleges and incorporates by reference paragraphs 1 through 31, inclusive, of this complaint.

33.     In doing the acts herein complained of, defendant RODRIGUEZ acted under the color of law to deprive the Plaintiff of certain constitutionally protected rights, including, but not limited to:

a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourth Amendment to the United States Constitution;

c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution;

34.     As a proximate result of Defendant's conduct, Plaintiff has incurred bodily injury, medical expenses, moving expenses, lost income, lost career opportunity, and attorneys' fees and court costs related to defense of a criminal action arising from the December 13, 2013 incident involving RODRIGUEZ, to his damage in an amount according to proof.

35.     As a further proximate result of Defendant's conduct, Plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a Latin American citizen of the United States.

36.     As a further proximate result of the conduct of defendant, Plaintiff was compelled to hire an attorney to prosecute this action on his behalf and vindicate his rights, thereby incurring attorney's fees and court costs.

37.     The conduct of Defendant was malicious, wanton and oppressive.  Plaintiff is, therefore, entitled to an award of punitive damages in an amount within the jurisdictional limits of the court.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 – Against Defendants MURRAY and COUNTY)

38.     Plaintiff realleges and incorporates by reference paragraphs 1 through 37, inclusive, of this complaint.

39.     Defendant COUNTY, by and through its supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant RODRIGUEZ herein and other officers, consisting of the use of illegal searches and seizures, unnecessary and excessive force, and false arrests with regard to Latin American citizens and citizens of other races or ethnic backgrounds.  Defendants COUNTY and MURRAY are, or should be aware that these civil rights violations occur regularly throughout the County of Monterey.  Despite such notice, Defendants MURRAY and COUNTY have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by their police officers.  This lack of an adequate supervisory response by Defendants MURRAY and COUNTY demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force, false imprisonment, and violation of the civil rights of Latin American citizens by police officers.

40.     The acts of Defendant RODRIGUEZ alleged herein are the direct and proximate result of the deliberate indifference of Defendant COUNTY and its supervisory officials and employees, including defendant MURRAY, to violations of the constitutional rights of citizens by Defendant RODRIGUEZ and other members of Defendant COUNTY.  The Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of Defendant COUNTY to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

- 7 -

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1981 – Against Defendant RODRIGUEZ)

41.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive, of this complaint.

42.     In committing the wrongful acts as described hereinabove, Defendant RODRIGUEZ engaged in the racially motivated misuse of government power.

43.     The above-described acts of Defendant RODRIGUEZ further deprived Plaintiff of his constitutional and statutory rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and to be subject to like punishment, pains, penalties, and exactions of every kind, and to no other.

44.     Defendant RODRIGUEZ engaged in the above course of conduct with the intent to deprive Plaintiff of the above-described rights.

45.     As a proximate result of said Defendant's wrongful conduct, Plaintiff suffered injuries as set forth hereinabove.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Assault and Battery - Against Defendant RODRIGUEZ)

46.     Plaintiff realleges and incorporated by reference paragraphs 1 through 45, inclusive, of this complaint.

47.     Defendant RODRIGUEZ placed Plaintiff in immediate fear for his safety by grabbing his wrists, wrapping his arms around Plaintiff's head, neck and face, knocking him to the ground, pounding his head into the pavement, and performing a naked chokehold of Plaintiff. Defendant RODRIGUEZ assaulted and battered Plaintiff when he committed these acts against Plaintiff without justification.

48.     Said Defendant's conduct was neither privileged nor justified under statute or other law.

49.     As a proximate result of said Defendant's wrongful conduct, Plaintiff suffered damages as set forth herein.

- 8 -

50.     The conduct of Defendant RODRIGUEZ was malicious, willful and oppressive. Plaintiff is, therefore, entitled to an award of punitive damages within the jurisdictional limits of this court.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress - Against Defendant RODRIGUEZ)

51.     Plaintiff realleges and incorporates by reference paragraphs 1 through 50, inclusive, of this complaint.

52.     The conduct of Defendant RODRIGUEZ as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  Said Defendant committed the aforementioned acts deliberately, and with the intent to inflict severe mental and emotional distress upon Plaintiff.

53.     As a proximate result of said Defendant's willful, intentional and malicious conduct, Plaintiff suffered damages within the jurisdictional limits of this court.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (California Civil Code § 51.7 - Against Defendant RODRIGUEZ)

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 53, inclusive, of this complaint.

55.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendant RODRIGUEZ, as described herein, was motivated by racial prejudice against Plaintiff.  By engaging in such conduct, said Defendant violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence or intimidation by threat of violence committed against him because of his race, color or ancestry.

56.     Under the provisions of subdivision (b) of Section 52 of the California Civil Code, Defendant is liable for each and every offense in addition to all actual damages sustained by Plaintiff, for exemplary damages, for twenty-five thousand dollars ($25,000.00) in addition thereto, and for payment of Plaintiff's attorney's fees.

- 9 -

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (California Civil Code Section 52.1 - Against All Defendants)

57.     Plaintiff realleges and incorporates by reference paragraphs 1 through 56, inclusive, of this complaint.

58.     The conduct of Defendant RODRIGUEZ as described herein violated Section 52.1 of the California Civil Code in that Defendant interfered with Plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through use of wrongful force, false arrest, imprisonment and wrongful search of Plaintiff's wallet and home.

59.     As a direct and proximate result of Defendant's conduct in contravention of the provisions of Civil Code Section 52.1. Plaintiff suffered violations of his constitutional rights and damages as set forth herein.

60.     The conduct of Defendant RODRIGUEZ occurred in the course and scope of his employment with Defendant COUNTY while under the supervision of Defendant MURRAY, and Defendants MURRAY and COUNTY are therefore liable to Plaintiff under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Negligence – Against All Defendants)

61.     Plaintiff realleges and incorporates by reference paragraphs 1 through 60, inclusive, of this complaint.

62.     At all times herein mentioned, Defendants were subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens in the exercise of law enforcement functions.  The conduct of Defendants as set forth herein did not comply with the standard of care to be exercised by reasonable sheriff deputies, proximately causing Plaintiff to suffer damages as herein alleged.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress – Against Defendant RODRIGUEZ)

63.     Plaintiff realleges and incorporates by reference paragraphs 1 through 62, inclusive, of this complaint.

64.     At all times herein mentioned, Defendant RODRIGUEZ was subject to a duty of care to avid causing unnecessary physical harm and distress to citizens.  The conduct of Defendant RODRIGUEZ, as alleged herein, did not comply with the standard of care to be exercised by reasonable sheriff deputy officers, proximately causing Plaintiff to suffer damages as set forth.

65.     The conduct of Defendant RODRIGUEZ as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

66.     As a proximate result of Defendant RODRIGUEZ'S conduct, Plaintiff suffered severe and extreme mental and emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (Conversion of Property – Against Defendant RODRIGUEZ)

67.     Plaintiff realleges and incorporates by reference paragraphs 1 through 66, inclusive, of this complaint.

68.     Plaintiff maintained a designated amount of cash within his wallet prior to the subject incident.

69.     Plaintiff is informed and believes and on that basis alleges that Defendant RODRIGUEZ removed a $50.00 bill from the wallet without Plaintiff's consent before returning it to Plaintiff thereby resulting in Plaintiff's loss of $50.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Trespass - Against Defendant RODRIGUEZ and Defendant COUNTY)

70.     Plaintiff realleges and incorporates by reference paragraphs 1 through 69, inclusive,

- 11 -

Complaint for Damages                                                        Case No.

of this complaint.

71.     Plaintiff was the tenant at the subject residence.

72.     Defendant RODRIGUEZ searched the subject residence even after Plaintiff told Defendant RODRIGUEZ he had no warrant and did not have Plaintiff's consent to enter the home.

73.     Plaintiff never consented to RODRIGUEZ's entry of his residence.

74.     The acts of RODRIGUEZ alleged herein are the direct and proximate of damages to Plaintiff as herein alleged.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### (Malicious Prosecution Against Defendants RODRIGUEZ and Defendant COUNTY)

75.     Plaintiff realleges and incorporates by reference paragraphs 1 through 74, inclusive of this complaint.

76.     Plaintiff was the subject of a bench warrant after criminal charges were filed against him by the Monterey County District Attorneys' Office.

77.     Defendants RODRIGUEZ and COUNTY encouraged the District Attorney's Office to file charges against Plaintiff to intimidate Plaintiff and to discourage Plaintiff from divulging negative practices of Defendants including unlawful searches and seizures, unlawful arrests, false imprisonment, excessive/unlawful force and facial profiling

78.     The acts of Defendants RODRIGUEZ and COUNTY alleged herein are the direct and proximate cause of damages to Plaintiff as herein alleged.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands Trial by Jury in connection with this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.   General damages in an amount within the jurisdictional limits of this court;

2.   Special damages in an amount according to proof;

3.   Punitive damages in an amount within the jurisdictional limits of this court;\

4. Attorney's fees pursuant to 42 U.S.C. §1983;

5. Actual, exemplary, and an additional $25,000.00 per defendant for each violation, and reasonable attorney's fees, pursuant to Civil Code Section 52(b);

6. For costs of suit incurred herein; and

7. For all further and proper relief.


                                        Respectfully Submitted,

Dated: July 25, 2014                    PATANE • GUMBERG, LLP


                    By:     _____
                            NINA M. PATANE
                            ANDREA C. AVILA
                            Attorneys for Plaintiff NICOLAS AQUINO

- 13 -