1  NINA M. PATANE, Esq., SBN 157079
   ANDREA C. AVILA, Esq., SBN 193982
2  PATANE • GUMBERG • AVILA, LLP
   Attorneys at Law
3  4 Rossi Circle, Suite 231
   Salinas, California 93907
4  Telephone: (831) 755-1461
   Facsimile: (831) 755-1477
5  aavila@pglawfirm.com

6  Attorneys for Plaintiff NICOLAS AQUINO

7  CHARLES J. McKEE, SBN 152458
   County Counsel
8  MICHAEL R. PHILIPPI, SBN 120967
   Deputy County Counsel
9  County of Monterey
   168 West Alisal Street, Third Floor
10 Salinas, California 93901-2653
   Telephone: (831) 755-5045
11 Facsimile: (831) 755-5283
   philippimr@co.monterey.ca.us

12
   Attorneys for Defendants COUNTY OF MONTEREY
13 SHERIFF'S OFFICE, IVAN RODRIGUEZ and DAVID
   MURRAY

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                           San Jose Division

18
   _____
19                                          )
   NICOLAS AQUINO,                          )    CASE NO. 14-CV-03387 EJD
20                                          )
                    Plaintiff,              )    JOINT TRIAL SETTING
21                                          )    CONFERENCE STATEMENT
             vs.                            )
22                                          )
   COUNTY OF MONTEREY SHERIFF'S             )    Date:   September 10, 2015
23 DEPARTMENT; IVAN RODRIGUEZ, an           )    Time:   11:00 a.m.
   individual; DAVID MURRAY, an individual; )    Crtrm: 4 (5th Floor)
24 and DOES 1 through 25, inclusive,        )
                                            )
25                  Defendants.             )
   _____)
26

27

28

                                      1

The parties, by and through their counsel of record, hereby submit the following Joint Trial Setting Conference Statement.

## JURISDICTION

Jurisdiction of this action is based on 42 U.S.C. § 1983.

## SUBSTANCE OF THE ACTION

**1.  Monterey Defendants' Contention**.

Plaintiff alleges the Monterey Defendants lacked reasonable suspicion to detain Plaintiff and to use force to accomplish that detention.   Defendants contend reasonable suspicion existed for Deputy Ivan Rodriguez to stop and detain Plaintiff in connection with Deputy Rodriguez' response to, and investigation of, a 9-1-1 call concerning a possible burglary in process. Defendants contend there is absolutely no basis for liability on the part of Sgt. Murray, a named Defendant, in that Sgt. Murray was not present at the scene of the investigation, and did not direct Deputy Rodriguez' investigation, nor did he ratify any of Deputy Rodriguez' actions after the fact.  Defendants further contend any use of force by Deputy Rodriguez was reasonable and justified based on Plaintiff's behavior, his failure to comply with lawful directives from Deputy Rodriguez and for officer safety.  Plaintiff alleges cash was stolen out of his wallet during the course of Deputy Rodriguez' investigation.

Monterey Defendants deny all of Plaintiff's allegations contained in the complaint and deny any cash was stolen by Monterey Defendants.

**2.  Plaintiff's Contention.**

Plaintiff alleges that Defendants committed numerous 4th Amendment violations against Plaintiff which are actionable under 42 U.S.C. § 1983. These violations include but are not limited to (1) Deputy Rodriguez's detention of Plaintiff beyond the scope of what is permitted with only "reasonable suspicion,"  (2) use of force against Plaintiff, (3) search of Plaintiff's wallet, (4) search of Plaintiff's home, (5) false imprisonment, among other similar and related violations.  Plaintiff contends Sgt. Murray is liable because he was the supervisor charged with the responsibility of assessing whether Deputy Rodriguez committed any civil rights violations against Plaintiff, and he erroneously and negligently found none.  Instead, Sgt. Murray ratified

2

1   the conduct of Deputy Rodriguez prompting Deputy Rodriguez and the Monterey County Sheriff

2   to proceed with the filing of criminal charges against Plaintiff.  Plaintiff contends that Defendant

3   County of Monterey is also responsible for the 4th Amendment violations actionable under §

4   1983 for maintaining unconstitutional policies, failing to train its employees,  and

5   encouraging/perpetuating a climate of deliberate indifference by Monterey County Sheriff

6   deputies to the constitutional rights of its citizens.

7          Plaintiff further contends that Defendant Rodriguez's actions were racially motivated.

8   Defendant Rodriguez had no indication that criminal activity was afoot when he intruded upon

9   the subject residence. Deputy Rodriguez only knew that a "Hispanic" male wearing a hooded

10  sweatshirt was walking in the Carmel neighborhood, that the male was unfamiliar to the 9-1-1

11  caller, that the male could be a guest, and that the male looked suspicious.  Prior to entering upon

12  the grounds of the subject residence and contacting  the Hispanic male, Deputy Rodriguez

13  happened upon a Caucasian male who informed Deputy Rodriguez that Deputy Rodriguez

14  needed to "keep his eye" on the Hispanic male.  Without any further information and without

15  even determining the identity and reliability of the Caucasian male, Deputy Rodriguez formed

16  the unfounded, racially motivated opinion that the Hispanic male ("Plaintiff") was involved in

17  the crime of burglary. Plaintiff contends that Deputy Rodriguez's conduct on the date in question

18  constituted violations of 42 U.S.C. §1981 and California Civil Code § 51.7 and that all

19  Defendants are further liable under California Civil Code § 52.1.

20         As a result of the subject incident, Plaintiff also seeks relief against Defendants for the

21  torts of assault and battery, negligence, intentional infliction of emotional distress, negligent

22  infliction of emotional distress, conversion of property, trespass and malicious prosecution.

23  Plaintiff seeks to recover special damages, general damages, loss of future wages, attorneys'

24  fees, and punitive damages.

25                                    **LEGAL ISSUES**

26  **1.   Monterey Defendants' Contention.**

27         The question presented by Plaintiff's complaint is whether the use of force to detain

28  Plaintiff was reasonable under the circumstances.  In *Graham v. Conner, et al*, (1989) 490 U.S.

3

386, the Court said, "Though the complaint alleged violations of both the <u>Fourth Amendment</u> and the Due Process Clause, see <u>471 U.S., at 5</u>, we analyzed the constitutionality of the challenged application of force solely by reference to the <u>Fourth Amendment's</u> prohibition against unreasonable seizures of the person, holding that the 'reasonableness' of a particular seizure depends not only on *when* it is made, but also on *how* it is carried out.  *Id.*, at 7-8. Today we make explicit what was implicit in *Garner*'s analysis, and hold that *all* claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen **should be analyzed under the <u>Fourth Amendment</u> and its 'reasonableness' standard**, rather than under a 'substantive due process' approach." Internal citations omitted, emphasis added.  Thus, the legal issue is whether the Monterey Defendants acted reasonably under the circumstances.

## 2.  Plaintiff's Contention.

Legal issues include whether Defendants violated the 4th Amendment subjecting them to liability under 42 U.S.C. § 1983.  Plaintiff contends that Defendants violated Plaintiff's 4th Amendment rights on many levels with the unreasonable seizure of Plaintiff's person, searches of Plaintiff's wallet and home, and the use of excessive force in imposing these violations. *Graham v. Connor* (1989) 490 U.S. 386; *United States v. Washington* (2004) 387 F. 3d 1060; *Florida v. Royer* (1983) 460 U.S. 491. Legal issues also include whether Defendant Rodriguez's actions were racially motivated so that they give rise to damages under 42 U.S.C. §1981 and California Civil Code § 51.7.  A further legal issue includes whether Defendants Murray and County are also liable on the grounds that they interfered with Plaintiff's exercise and enjoyment of rights guaranteed to Plaintiff under the constitution of the United States or of the State of California.  Plaintiff claims that Defendants' actions were not reasonable under the circumstances.

## MOTIONS

Monterey Defendants intend to file a motion for summary judgment.  An administrative motion to extend the time in which to complete the ADR process was filed and granted.  The ADR process did not result in settlement of the case.

*Aquino v. County of Monterey Sheriff's Dept., et al.*                    Case No.  14-CV-03387 EJD
Joint Trial Setting Conference Statement

1    Plaintiff intends to amend the complaint to add the County of Monterey Sheriff's

2  Department as a Defendant on the existing causes of action for assault and battery, intentional

3  and negligent infliction of emotional distress and conversion of property. Plaintiff contends no

4  additional discovery is triggered by this amendment. The parties are exploring the possibility of a

5  stipulation in an effort to streamline this amendment. Plaintiff intends to file a motion for

6  summary adjudication/judgment.

7                                      **DISCOVERY**

8    Written discovery has begun between Monterey Defendants and Plaintiff.  Monterey

9  Defendants intend to subpoena records related to the damages claimed by Plaintiff.  All

10  depositions of Defendants have been concluded.  It is anticipated that Plaintiff's deposition will

11  be concluded by the date of the pre-trial conference.  All witnesses who have been located have

12  been disclosed.

13    Plaintiff currently resides out of state.  Defendants have reached a stipulation with

14  Plaintiff to have Plaintiff examined by a medical professional to evaluate Plaintiff's claim of

15  injury related to the detention by Deputy Rodriguez.  Due to travel considerations and scheduling

16  issues, Defendants request the Court to extend the current fact discovery cutoff by 61 days, from

17  October 7, 2015 to December 7, 2015.  This will allow for the scheduling of the medical

18  examination without imposing travel hardships on Plaintiff as well as the completion of follow-

19  up discovery.  As a consequence, Defendants request the Court also extend the expert discovery

20  cutoff by 61 days, from October 7 to December 7, 2015, and the cutoff for disclosure of rebuttal

21  experts from October 21, 2015 to December 21, 2015.

22    Plaintiff is agreeable to the foregoing extensions.

23                                   **SETTLEMENT AND ADR**

24    Defendants and Plaintiff have participated in mediation through the Court's mediation

25  program.  The mediation did not result in a resolution of this case.

26              **BIFURCATION AND SEPARATE TRIAL OF THE ISSUES**

27    At the present time, Monterey Defendants do not believe bifurcation or a separate trial of

28  the issues is appropriate in this case. Plaintiff agrees.

**TRIAL**

The parties are still in the process of conducting discovery.  Expert disclosures and depositions have not yet occurred.  Based on trial counsel's calendar and the remaining issues to address in this case, Monterey Defendants anticipate they will not be ready for trial until May 2016.  Monterey Defendants will file a dispositive motion to terminate the case against Monterey Defendants.  The deadline for filing such a motion is December 18, 2015.  Monterey Defendants request the cutoff to file dispositive motions be extended to January 22, 2016 to allow for the completion of expert witness discovery.

Plaintiff is agreeable to the foregoing extensions and expects to be ready for Trial in May 2016.

Based on the current posture of the case, Monterey Defendants expect this case will take two weeks to try.   There are several witnesses to the incident between Plaintiff and Deputy Rodriguez, a medical expert, at least one other defense expert and the named Defendants who are expected to testify on behalf of Defendants.

Plaintiff's best trial estimate is seven to ten days. Plaintiff currently expects to call four fact witnesses and two expert witnesses.

**SCHEDULING**

As previously stated, Monterey Defendants respectfully request the Court extend the fact discovery cutoff until to December 7, 2015, and the expert discovery cutoff to December 7, 2015, with rebuttal expert disclosure to occur on December 21, 2015.

Given that Monterey Defendants intend to file a dispositive motion to potentially terminate the case, Monterey Defendants believe the final pre-trial conference should be scheduled far enough into the future to allow the Court to rule on the dispositive motions.  Thus, Monterey Defendants request the final pre-trial conference be scheduled for early April 2016.  Trial should be scheduled for mid-May, 2016.

Plaintiff is agreeable to the foregoing schedule.

/ / /

/ / /

*Aquino v. County of Monterey Sheriff's Dept., et al.*                    Case No.  14-CV-03387 EJD
Joint Trial Setting Conference Statement

1

## OTHER MATTERS

2      The parties are not currently aware of any other matters which the Court needs to address.

3

4

5 Dated:  August 28, 2015

6                                             CHARLES J. McKEE
                                            County Counsel

7

8

9                                             By   /s/ Michael R. Philippi
                                            MICHAEL R. PHILIPPI, Deputy County Counsel

10                                             Attorneys for Defendants COUNTY OF
                                            MONTEREY SHERIFF'S OFFICE, IVAN
                                          RODRIGUEZ and DAVID MURRAY

11

12 Dated:  August 28, 2015

13                                           PATANE ● GUMBERG ● AVILA LLP

14

15

16                                           By   /s/ Nina M. Patane
                                          NINA M. PATANE

17                                             ANDREA C. AVILA
                                          Attorneys for Plaintiff NICOLAS AQUINO

18

19

20 Pursuant to Northern District General Order 45(X)(B), I hereby attest that I have on file
approvals for any signatures indicated by a "conformed" signature (/s/) within this efiled

21 document

22 DATED: August 28, 2015

23                                           By    /s/ Michael R. Philippi

24                                             MICHAEL R. PHILIPPI, Deputy County Counsel
                                          Attorneys for Defendants COUNTY OF

25                                           MONTEREY SHERIFF'S OFFICE, IVAN
                                          RODRIGUEZ and DAVID MURRAY

26

27

28

*Aquino v. County of Monterey Sheriff's Dept., et al.*                      Case No.  14-CV-03387 EJD
Joint Trial Setting Conference Statement