UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICOLAS AQUINO,<br>Plaintiff,<br>v.<br>COUNTY OF MONTEREY SHERIFF'S DEPARTMENT, et al.,<br>Defendants. | Case No. 5:14-cv-03387-EJD<br><br>**FIRST ORDER RE: MOTIONS *IN LIMINE***<br><br>Re: Dkt. Nos. 120-23, 125, 127, 130, 133, 135 |

Presently before the Court are motions *in limine* filed by both parties. Dkt. Nos. 107-09, 111-12, 114-15, 117-38, 181. The Court finds certain of these matters suitable for decision without oral argument.

Having considered the parties' moving and responding papers, the Court rules as follows as to Plaintiff's motions:

1. Plaintiff's eleventh motion *in limine* to exclude Monterey County Sheriff's Office Policy 300, which is the Sheriff's Office Use of Force Policy, is DENIED. Under Federal Rule of Evidence 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." This policy is at least relevant to Plaintiff's excessive force claims and whether Dep. Rodriguez's actions were objectively reasonable. Fed. R. Evid. 401; *see Graham v. Connor*, 490 U.S. 386, 395 (1989); *Smith v. City of Hemet*, 394 F.3d 689, 700-01 (9th Cir. 2005). In addition, its probative value is not substantially outweighed by a danger of prejudice, confusion, or waste of time. Fed. R. Evid. 403.

Case No.: 5:14-cv-03387-EJD
FIRST ORDER RE: MOTIONS *IN LIMINE*

1

2. Plaintiff's twelfth motion *in limine* to exclude Defense Exhiibit 1030, which are P.O.S.T. LD 20 training materials used by the academy for California police officers, is DENIED. This is also at least relevant to Plaintiff's excessive force claims and whether Dep. Rodriguez's actions were objectively reasonable. Fed. R. Evid. 401; *see Graham*, 490 U.S. at 395; *Smith*, 394 F.3d at 700-01. Its probative value is not substantially outweighed by a danger of prejudice, confusion, or waste of time. Fed. R. Evid. 403.

3. Plaintiff's thirteenth motion *in limine* to exclude certain photographs taken by neighbors Courtney and Christopher Adamski is DENIED. These photographs are relevant under Federal Rule of Evidence 401, as they provide helpful context for the Adamskis' testimonies (which, as discussed below, will be permitted) and shed light on Plaintiff's behavior shortly before the encounter with Dep. Rodriguez. This, in turn, could help the jury in assessing the objective reasonableness of Dep. Rodriguez's actions. In addition, probative value of these photographs is not substantially outweighed by a danger of prejudice, confusion, or waste of time. Fed. R. Evid. 403. The Adamskis will be available to testify and can explain the circumstances surrounding when the photographs were taken.

4. Plaintiff's fourteenth motion *in limine* to preclude neighbors Courtney and Christopher Adamski from testifying is DENIED. The Adamskis personally observed Plaintiff (or an individual who they believed was Plaintiff) walking around outside before the incident in question, and Mr. Adamski both made the 911 call and spoke to Dep. Rodriguez when he first arrived on the scene. Dkt. No. 56 at 2-3. Their testimonies are relevant to a number of issues at trial, including the chronology of events and whether, given the totality of the circumstances, Dep. Rodriguez's actions were objectively reasonable. *See* Fed. R. Evid. 401. In addition, the probative value is not substantially outweighed by a danger of prejudice, confusion, or waste of time. Fed. R. Evid. 403. To the extent that Plaintiff doubts the credibility of the Adamskis' testimonies or the weight that it has on the issues at trial, he can draw this out on cross examination.

5. Rulings on the remainder of Plaintiff's motions *in limine* are DEFERRED.

Case No.: 5:14-cv-03387-EJD
FIRST ORDER RE: MOTIONS *IN LIMINE*

2

1     The Court rules as follows as to Defendants' motions:

2     1.      Defendants' first motion *in limine* to exclude various of Plaintiff's exhibits that are (in their view) too remote in time or space is DENIED IN PART and DEFERRED IN PART. With respect to Plaintiff's Exhibit No. 80 (Exhibit N to Defendants' motion), Dep. Rodriguez's entire personnel file, Defendants' motion is DENIED with respect to County000066 and County000128-46, which Defendants agree should be admitted. Dkt. No. 124 at 4-5. However, Defendants' motion is DEFERRED as to the remainder of Plaintiff's Exhibit No. 80. At the July 12, 2018 pretrial conference, Plaintiff should be prepared to specifically identify any other portions of Dep. Rodriguez's personnel file he contends should be admitted and explain why he believes that should be the case. With respect to the remaining challenged exhibits (Plaintiff's Exhibit Nos. 1-13, Exhibits A-M to Defendants' motion), Defendants' motion is DEFERRED. These exhibits include various performance reviews, achievement medals, and personal photographs of Plaintiff that date back to 2006. Exs. A-M, Dkt. No. 124-2. To the extent that these exhibits relate solely to Plaintiff's claims of lost earnings, the doubts expressed below with respect to Defendants' third, fifth, eighth, ninth, thirteenth, and fourteenth motions *in limine* apply to these exhibits as well, and the parties should be prepared to address these concerns at the July 12, 2018 pretrial conference.

3     2.      Defendants' second motion *in limine* to exclude evidence relating to a claim for retaliation is not opposed by Plaintiff and is therefore GRANTED. The parties shall exclude CACI 3050 from the final proposed jury instructions.

4     3.      Defendants' fourth motion *in limine* to exclude evidence relating to any indemnification by the County of Monterey is not opposed by Plaintiff and is therefore GRANTED.

5     4.      Defendants' seventh motion *in limine* exclude evidence relating to Gerald Pate, his allegations of excessive force against Dep. Rodriguez, and the settlement of those claims, is GRANTED. This matter relates to a separate case, involving a separate Plaintiff and separate events. As such, it is not relevant to Plaintiff's claims here. Fed. R. Evid. 401. Further, even if the Court were to find it relevant, its probative value is substantially outweighed by the risk of unfair prejudice and

Case No.: 5:14-cv-03387-EJD
FIRST ORDER RE: MOTIONS *IN LIMINE*

3

confusion. Fed. R. Evid. 403. The jury would be tempted to conclude that Dep. Rodriguez was liable here simply because the same types of constitutional claims had been alleged by another Plaintiff. This the Court will not allow.

5. Defendants' tenth motion *in limine* to exclude evidence relating to Defendants' appeal of certain summary judgment rulings is not opposed by Plaintiff and is therefore GRANTED.

6. Defendants' twelfth motion *in limine* to exclude evidence of liability insurance is not opposed by Plaintiff and is therefore GRANTED.

7. Rulings on the remainder of Defendants' motions *in limine* are DEFERRED. In addition, to facilitate the parties' preparation for the July 12, 2018 pretrial conference, the Court advises and instructs the parties as follows:

At summary judgment, the Court eliminated Plaintiff's claims for intentional and negligent infliction of emotional distress (Counts 5 and 9), claims alleging racial animus (Counts 3 and 6), claim for municipal liability under *Monell* (Count 2), claim for conversion (Count 10), claim for trespass (Count 11), and claim for malicious prosecution (Count 12). Accordingly, Plaintiff is not entitled to recover any damages under any of these theories. Further, any evidence that only relates to a fact of consequence to those claims is not relevant. Fed. R. Evid. 401.

The issues that remain to be tried are limited, and the evidence permitted at trial should be correspondingly limited in scope. Specifically, in the Court's present view, the following claims remain: (1) § 1983 claim against Dep. Rodriguez, premised on allegations of excessive force, unreasonable searches of Plaintiff's wallet[1] and residence, and unreasonable seizure through Dep. Rodriguez's use of force, handcuffs, and/or placement of Plaintiff in the patrol car; (2) Bane Act claim, premised on these same constitutional violations; (3) negligence; and (4) assault and battery, governed by the same analysis as Plaintiff's § 1983 claim for excessive force. Accordingly, Plaintiff is only entitled to recover damages that were proximately caused by the

---

[1] The Court determined on summary judgment that Dep. Rodriguez's search of Plaintiff's wallet violated his Fourth Amendment rights. Dkt. No. 56 at 16-18. Thus, with respect to the wallet, only damages remain at issue.

Case No.: 5:14-cv-03387-EJD
FIRST ORDER RE: MOTIONS *IN LIMINE*
4

conduct of Defendants which specifically gives rise to liability for these claims (provided, of course, he prevails at trial). Proximate cause "defies easy summary," *Paroline v. United States*, 572 U.S. 464, 134 S. Ct. 1710, 1719, 188 L. Ed. 2d 714 (2014), but the Supreme Court has recently observed that "[p]roper analysis of [the] proximate cause question require[s] consideration of the 'foreseeability or the scope of the risk created by the predicate conduct,' and require[s] the court to conclude that there was 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1548–49, 198 L. Ed. 2d 52 (2017) (quoting *Paroline*, 572 U.S. at 464). In § 1983 cases and under general tort law principles, normal or unforeseen action intervene to break the chain of proximate causality. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).

Applying these observations here, the Court has serious doubts as to whether any of the conduct for which Defendants could be held liable proximately caused the military career and earnings losses of which Plaintiff complains. The link between Dep. Rodriguez's alleged violations on December 13 and the later investigation and disciplinary action taken by the Naval Postgraduate School ("NPS") seems too attenuated. Moreover, it appears that Plaintiff's own decision to allegedly resist Dep. Rodriguez could qualify as an intervening event. Further, to the extent Dep. Rodriguez's later criminal investigation of Plaintiff triggered his career and earnings losses, Plaintiff cannot recover damages for this conduct because the Court rejected Plaintiff's claim for malicious prosecution at summary judgment.[2]

The Court also has concerns about Plaintiff's ability to establish proximate cause for some of the other damages he claims. Specifically, it is unclear that Plaintiff's decision to move (and, consequently, the moving and rent expenses he incurred) was proximately caused by Dep. Rodriguez's actions on the night of December 13. At the very least, it is at least arguable that Plaintiff's decision to move was sufficiently independent to qualify as an intervening event. In

---

[2] For this same reason, the Court also doubts whether Plaintiff can recover the defense legal bills and airline/car rental expenses he claims as damages (*see* Dkt. No. 116 at 2-3), as these appear to solely relate to his malicious prosecution claim.

Case No.: 5:14-cv-03387-EJD
FIRST ORDER RE: MOTIONS *IN LIMINE*
5

addition, it is also unclear that the entirety of the emotional distress alleged by Plaintiff was caused by conduct predicate to Plaintiff's remaining claims. Plaintiff cannot recover damages under a theory of intentional or negligent infliction of emotional distress, as the Court also disposed of these claims at summary judgment.

The above concerns at least implicate Defendants' third, fifth, eighth, ninth, thirteenth, and fourteenth motions *in limine*. If, indeed, no conduct for which Defendants can be found liable proximately caused these injuries, this evidence is not relevant to the issues that remain to be tried. Fed. R. Evid. 401. At the same time, Plaintiff is entitled to recover the full extent of damages proximately caused by Defendants' culpable conduct, and Plaintiff has the burden to prove this at trial. The Court cannot foreclose this opportunity through a motion *in limine*, effectively converting what should be an evidentiary determination into a dispositive ruling.

In short, the parties have not provided the Court with enough information at this stage to determine whether the evidence challenged in Defendants' third, fifth, eighth, ninth, thirteenth, and fourteenth motions *in limine* is relevant to any of the claims that remain in the case. Accordingly, the Court instructs the parties as follows:

a. At the July 12, 2018 pretrial conference, Plaintiff shall be prepared to specifically identify and explain how the evidence challenged in these motions is relevant to the issues that remain to be tried. Plaintiff shall be prepared to present its best theory and evidence as to how any of the conduct for which Defendants could be held liable proximately caused the damages at issue in these motions (e.g., loss of career and earnings, moving expenses, emotional distress).

b. At the July 12, 2018 pretrial conference, Defendant shall be prepared to specifically explain why it would be appropriate to resolve this matter at the motion *in limine* stage, and how granting its third, eighth, ninth, thirteenth, and/or fourteenth motions *in limine* would not result in a dispositive ruling.

Case No.: 5:14-cv-03387-EJD
FIRST ORDER RE: MOTIONS *IN LIMINE*

6

**IT IS SO ORDERED.**

Dated: July 10, 2018

_____
EDWARD J. DAVILA
United States District Judge