UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICOLAS AQUINO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 5:14-cv-03387-EJD<br><br>**ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW RE BANE ACT**<br><br>Re: Dkt. No. 215 |

Defendants move pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law that Plaintiff's claim under the Bane Act, California Civil Code § 52.1, is barred for failure to comply with the Government Claims Act, California Government Code §§ 900 *et seq*., and because Dep. Rodriguez is entitled to immunity under California Government Code § 821.6. Motion for Judgment as a Matter of Law ("Mot."), Dkt. No. 215. For the reasons discussed below, Defendants' motion is DENIED IN PART and DEFERRED IN PART.

Under the Government Claims Act,

> [a] claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action.

California Government Code § 911.2(a). This statute "serves several purposes: (1) to provide the public entity with sufficient information to allow it to make a thorough investigation of the matter;

Case No.: 5:14-cv-03387-EJD
ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW RE BANE ACT
1

(2) to facilitate settlement of meritorious claims; (3) to enable the public entity to engage in fiscal planning; and (4) to avoid similar liability in the future." *Westcon Constr. Corp. v. Cty. of Sacramento*, 152 Cal. App. 4th 183, 200, 61 Cal. Rptr. 3d 89, 101 (2007).

Claims under the Bane Act are subject to the presentment requirement of § 911.2. *See, e.g.*, *Inman v. Anderson*, 294 F. Supp. 3d 907, 925 (N.D. Cal. 2018). As such, no civil action can be brought against a public entity under the Bane Act unless and until a "written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." California Government Code § 954.4.

The standard for fulfilling § 911.2 is substantial compliance. *Carlino v. Los Angeles Cty. Flood Control Dist.*, 10 Cal. App. 4th 1526, 1532, 13 Cal. Rptr. 2d 437, 440 (1992). "If a claim satisfies the purposes of the claims statutes without prejudice to the government, substantial compliance will be found." *Id.* (citing *Elias v. San Bernardino Cty. Flood Control Dist.*, 68 Cal. App. 3d 70, 74, 135 Cal. Rptr. 621 (Ct. App. 1977)). In comparing a written claim and a subsequently filed complaint for substantial compliance, courts must be "mindful that so long as the policies of the claims statutes are effectuated, the statutes should be given a liberal construction to permit full adjudication on the merits." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446, 99 P.3d 500, 502 (2004) (internal citations and quotation marks omitted). "If the claim gives adequate information for the public entity to investigate, additional detail and elaboration in the complaint is permitted." *Id*.

Here, Plaintiff submitted a written claim to the Monterey County ("County") Clerk of the Board pursuant to the Government Claims Act on May 6, 2014. Mot., Ex. A, Dkt. No. 215-1. Plaintiff's claim asserted:

> On December 13, 2013 Deputy Ivan Rodriguez of the Monterey County Sheriff's Office (along with others from the Sheriff's Office) violated Claimant's civil rights by wrongfully using force on his person, cuffing him and holding him in a patrol car, taking and searching his wallet, entering and searching his home without permission or other legal authorization, and stealing $50 from his wallet. These violations also constitute trespass, assault & battery, false imprisonment, conversion, intentional/negligent infliction of

Case No.: 5:14-cv-03387-EJD
ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW RE BANE ACT

2

> emotional distress and negligence. These violations were committed because Claimant was, at the time, a Hispanic male living in Carmel, California and was the victim of racial profiling by Rodriguez.
>
> The foregoing wrongs were followed by further wrongs committed by the Monterey County Sheriff's office and the Monterey County District Attorney's office. The further wrongs consist of the secret filing of meritless, false and malicious criminal charges against Claimant which appear to have been part of a pre-emptive attempt to silence Claimant's complaints about mistreatment at the hand of the Sheriffs.
>
> All of the foregoing wrongs have caused significant harm to Claimant including but not limited to:
>
> -Medical expenses: TBD
> -Moving expenses/Additional home rental expenses: $4,135.88
> -Legal fees and costs: $27,578.27 (estimated at present and continuing)
> -Lost career benefits and opportunities: $20,115.75 (estimated at present and continuing)
> -Stress, emotional distress, humiliation, embarrassment, anxiety and insomnia related to fear of being wrongfully attacked in his home by law enforcement: TBD
> -Bodily injury and migraine headaches: TBD

*Id*. at 2. The Clerk of the Board denied Plaintiff's written claim on June 18, 2014. Mot., Ex. B, Dkt. No. 215-1.

In the instant motion, Defendants argue that Plaintiff is barred from asserting that Dep. Rodriguez's visit to the Naval Postgraduate School (the "NPS Visit") on December 13, 2013 constitutes a separate violation of the Bane Act because this claim was never presented to the County pursuant to § 911.2. Mot. 5-6. Defendants also argue that Plaintiff is barred from asserting that the events that occurred outside his residence violate the Bane Act because his written claim fails to set forth any facts of specific intent to interfere with Plaintiff's rights by "threats, intimidation, or coercion." Mot. 6-7.

The Court disagrees on both accounts. First, with respect to the NPS Visit, the Court finds that the written claim "provide[d] the [County] with sufficient information to allow it to make a thorough investigation of the matter." *Westcon Constr.*, 152 Cal. App. 4th at 200. The written claim identifies that Dep. Rodriguez violated Plaintiff's civil rights on December 13, 2013, and

Case No.: 5:14-cv-03387-EJD
ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW RE BANE ACT

3

claims that he "caused significant harm" to Plaintiff, including "[l]ost career benefits and opportunities." Ex. A at 2. With these allegations in hand, a reasonable investigation would have led the County to question Dep. Rodriguez about the events of December 13, 2013, including why Plaintiff would believe that civil rights violations would lead to a loss of Plaintiff's career. This line of questioning would reasonably reveal that Plaintiff was in the military, and that Dep. Rodriguez visited NPS—Plaintiff's placement at the time—later that day. This is all the County needed to conduct a "thorough investigation." Accordingly, the written claim satisfies the purposes of the claims statutes and substantially complies with § 911.2.

Second, with respect to the events outside Plaintiff's residence, the Court finds that the written claim also provided the County with enough information to permit a "thorough investigation" of any Bane Act liability. The written claim alleges that Dep. Rodriguez "violated [Plaintiff's] civil rights" and identifies specific actions which form the basis of these claims. Ex. A at 2. This would have reasonably led the County to anticipate and explore all possible legal theories under which Plaintiff could have claimed damages for civil rights violations, including the Bane Act. Thus, the written claim satisfies the purposes of the claims statutes and substantially complies with § 911.2. "Only where there has been a 'complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim,' have courts generally found the complaint barred." *Stockett*, 34 Cal. 4th at 447. Such is not the case here.

In sum, Plaintiff is not barred from asserting claims under the Bane Act for failure to comply with § 911.2. Plaintiff's motion for judgment as a matter of law is DENIED with respect to these issues.

The balance of Plaintiff's motion seeks judgment as a matter of law that Defendants are not liable under the Bane Act because Dep. Rodriguez is entitled to immunity under California Government Code § 821.6. Mot. 7-8. As discussed in the Court's ruling on Defendants' eighth motion *in limine* (Dkt. No. 201), the nature of the NPS Visit is a factual question and the Court

Case No.: 5:14-cv-03387-EJD
ORDER DENYING IN PART AND DEFERRING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW RE BANE ACT

4

cannot rule on this as a matter of law at this time. Plaintiff's motion is DEFERRED with respect to this issue.

**IT IS SO ORDERED.**

Dated: August 2, 2018

EDWARD J. DAVILA
United States District Judge