UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICOLAS AQUINO,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 5:14-cv-03387-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 207 |

Presently before the court is Defendants' Motion for Reconsideration of an in limine ruling (Dkt. No. 207), which the court previously granted leave to file. Dkt. No. 211. Having carefully considered the parties' arguments in conjunction with record, the court finds, concludes and orders as follows:

1. Upon closer inspection, Defendants have not satisfied the standard for reconsideration detailed in Civil Local Rule 7-9. Defendants' request is based on Rule 7-9(b)(1), which requires them to show, inter alia, a material difference in fact or law than was presented to the court in issuing the order for which reconsideration is sought.

2. Defendants have not shown a material difference in fact or law. As Defendants motion confirms, there are no new facts and there is no new law; if anything, Defendants seek a change to the legal effect of the facts, or to present new legal argument based on unchanged facts. These reasons do not justify reconsideration, however, because nothing prevented Defendants from previously arguing the wallet search was actually a seizure, even if Plaintiff argued something different. Indeed, "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." Frietsch v.

Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). "Leave to file for reconsideration will not be granted merely because a party regrets its choices in prior briefing." Earll v. eBay Inc., No. 5:11-cv-00262-EJD, 2012 U.S. Dist. LEXIS 134965, at *6-7 (N.D. Cal. Sept. 20, 2012).

3. Moreover, the court simply cannot reconsider the "clearly established" prong of qualified immunity with respect to the search of Plaintiff's wallet under Rule 7-9 or Federal Rules of Civil Procedure 54 or 60. Defendants argued in their interlocutory appeal from the summary judgment order that Deputy Rodriguez was entitled to qualified immunity for the search of Plaintiff's wallet, citing many of the same cases they now cite in the instant motion. The Ninth Circuit disagreed with Defendants, necessarily deciding that the law was clearly established. That decision is now law of the case, and Defendants have not demonstrated an exception to that doctrine should apply. Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.").

For these reasons, Defendants' Motion for Reconsideration (Dkt. No. 207) is DENIED.

**IT IS SO ORDERED.**

Dated: August 12, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03387-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
2